OPINION
Plaintiff-appellant, Bryan Collins, appeals a decision of the Clinton County Court of Common Pleas, Domestic Relations Division, designating defendant-appellee, Kelly Collins, the residential parent of the parties' minor children. We affirm the decision of the trial court.
The parties have two children together: Melissa, born May 30, 1993 and Dylan, born March 31, 1997. The parties were married on September 29, 1991 and separated in 1999. Appellant filed a complaint for divorce in September 1999. During the period of separation, the parties alternated weekly custody of their children. The trial court appointed a guardianad litem to advocate the best interests of the children. After a final hearing on the matter, the trial court designated appellee the residential parent of the parties' children. Appellant appeals the decision of the trial court, raising the following assignment of error for review:
 THE DECISION OF THE TRIAL COURT NAMING KELLY COLLINS THE RESIDENTIAL PARENT OF THE MINOR CHILDREN WAS NOT SUPPORTED BY ADEQUATE, COMPETENT AND CREDIBLE EVIDENCE.
 In his assignment of error, appellant maintains that the trial court's decision to designate appellee as the residential parent of the parties' minor children is not supported by competent, credible evidence. In support of his assignment of error, appellant cites numerous instances of testimonial evidence in the record which, according to appellant, are "largely unrebutted [sic]" and weigh in favor of finding him to be a "better, safer choice" for designation as the residential parent. Appellant contends that the evidence presented at the hearing should have led the trial court to conclude that appellee had neglected the children's medical needs. Appellant also maintains that the trial court ignored the report of the guardian ad litem that concluded appellee ignored the medical needs of the children.
It is well-established that a trial court has broad discretion in custody proceedings. See, e.g., Davis v. Flickinger (1997),77 Ohio St.3d 415, 418. Because "custody issues are some of the most difficult and agonizing decisions a trial judge must make[,] * * * a trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion." Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
When making an initial allocation of parental rights and responsibilities, the primary concern of the trial court is the children's best interest. R.C. 3109.04(F)(1). The trial court must consider all relevant factors related to the children's best interest, including those factors specified by R.C. 3109.04(F)(1):
 (a) The wishes of the child's parents regarding the child's care;
 (b) If the court has interviewed the child in chambers * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; * * *.
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 The trial court made findings related to each statutory factor and concluded that it was in the children's best interest that appellee be their residential parent. It is evident from the trial court's decision that both parents were capable of being the residential parent. The trial court noted that the evidence at the hearing demonstrated that a shared parenting plan would have been an "appropriate and deserved result," but neither party requested such a plan. Therefore, left with the task of choosing one party, the trial court concluded "the evidence weighs slightly in favor of [appellee] as the residential parent." The trial court found that appellee had not neglected the children's medical care and her role as the children's primary caretaker could not be ignored.
Appellant first contends that the trial court erred by concluding that appellee had not ignored the medical needs of their children. He contends that the testimony of his witnesses was not rebutted and weighed in favor of finding him to be the best candidate for the residential parent.
Evidence tending to prove a fact does not necessarily become uncontroverted or uncontested simply because an opposing party does not present rebuttal evidence. See, e.g., Glick's Furniture v. Franklin Cty.Bd. of Revision (Mar. 18, 1997), Franklin App. No. 96APH07-847, unreported. A party may contest proffered evidence through cross-examination. See Stinson v. England (1994), 69 Ohio St.3d 451,455-56; Stancil v. Vasiloff (Sept. 26, 2001), Summit App. No. 20434, unreported. Further, when an opposing party does not rebut proffered evidence with its own evidence, the trier of fact is not required to accept the proffered evidence as credible. GTE North Inc. v. Carr
(1993), 84 Ohio App.3d 776, 780 fn. 3; State v. Cladwell (1992),79 Ohio App.3d 667, 680. It is precisely the role of the trier of fact to weigh the testimony and credibility of witnesses, and resolve disputes of fact. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23.
In this regard, a court reviewing proceedings involving the custody and welfare of children must be mindful that the trial court's knowledge obtained through contact with and observation of parties cannot be conveyed to an appellate court by a printed record. Id.; Miller v.Miller (1988), 37 Ohio St.3d 71, 74. Therefore, an appellate court must be guided by the presumption that the trial court's findings are indeed correct. Id.
In this case, the trial court made the following finding regarding appellant's accusations that appellee neglected the medical needs of their children:
 A great deal of testimony involved the claim that [appellee] failed to address the medical needs of the children adequately. * * * The children have had non-life threatening problems with diarrhea, constipation and the occasional strep [sic] throat. Much of [Dylan's] constipation problem is probably related to the stress of this break-up of his parent's marriage. The Court does not find that [appellee's] lack of seeking medical care is a serious concern. Rather there is simply a clear difference between the two parents as to the need for a doctor's treatment. The mother has not neglected the children's medical care to the point where their health has been seriously endangered.
 In making its finding, the trial court was able to observe and question appellee's proffered witnesses, assess their credibility and appropriately weigh their testimony. Appellee further contested appellant's allegations through cross-examination of his witnesses and through her own testimony. It is not the role of this court to substitute its judgment for that of the trial court by reassessing and weighing the testimony of the witnesses.
Appellant also contends that the trial court erred by not following the recommendation of the guardian ad litem, who stated in a final report to the trial court that it was in the children's best interest that appellant be designated the residential parent. This recommendation was based in part on the belief that appellee had neglected the medical needs of both children.
The role of the trial court is to act as the fact-finder and to exercise independent judgment in determining the best interests of the children. In re Ottariano (July 16, 2001), Butler App. No. CA2000-09-181, unreported. A trial court may not simply adopt the conclusion of a guardian ad litem without further inquiry into the children's best interest; rather, the court must consider all available evidence. Marsh v. Marsh (July 30, 2001), Butler App. No. CA2000-07-138, unreported; see, also, In re Wright (May 27, 1997), Brown App. No. CA96-10-019, unreported. The report of a guardian ad litem is merely an aid to the trial court and but one factor the court must consider when allocating parental rights and responsibilities. Marsh v.Marsh (July 30, 2001), Butler App. No. CA2000-07-138, unreported; In reOttariano (July 16, 2001), Butler App. No. CA2000-09-181, unreported.
Our review of the record indicates that the trial court appropriately considered the recommendation of the guardian ad litem as one factor influencing its decision allocating parental rights and responsibilities. Rather than simply adopting the report of the guardianad litem, the trial court considered all of the available evidence in its inquiry into the children's best interest. Considering the totality of the evidence, the trial court concluded that there was no credible evidence to conclude that appellee had seriously neglected the children's medical care. Ultimately, the trial court found that the evidence weighed slightly in favor of appellee as residential parent, but also noted that extensive visitation with appellant was "clearly in the best interest of these children."
We conclude that the trial court's allocation of parental rights and responsibilities in this case was not unreasonable, arbitrary or capricious. The trial court did not abuse its discretion by designating appellee as the children's residential parent. Appellant's assignment of error is overruled.
YOUNG, P.J., and WALSH, J., concur.